UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                        )
                              )   Chapter 7
SUSAN KAY BLISS               )
                              )   Bankruptcy No. 05-03349
     Debtor.                  )
                              )
STEPHEN L. BLISS              )
                              )   Adversary No. 05-30150-pjk
     Plaintiff,               )
                              )
vs.                           )
                              )
SUSAN KAY BLISS               )
                              )
     Defendant.               )
```

**ORDER RE: MOTION TO AMEND COMPLAINT**

This matter came before the undersigned on January 6, 2006 on Plaintiff's Motion to Amend Complaint. Plaintiff Stephen Bliss was represented by attorney Michael Galvin. Debtor/Defendant was represented by attorney James Wherry. After hearing the arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

On August 16, 2005, Plaintiff filed a complaint to except debt from discharge under § 523(a)(15). The debt arises from the parties' dissolution judgment in Iowa District Court. The complaint states that Debtor "failed to hold the Plaintiff harmless and in fact incurred substantial new debt on the UFCW Mastercard for $12,032.00."

On December 6, 2005, Plaintiff filed a motion to amend the complaint to add a count of fraud under § 523(a)(2)(A). The amendment states Debtor "obtained the credit under false pretenses, or actual fraud, in that she knew she would not be able to pay for the excessive charges incurred on the credit card and that Plaintiff would be responsible."

Debtor objects to the motion to amend the complaint. She asserts the § 523(a)(2)(A) count is untimely. She also requests $1,000 in attorney fees under § 523(d).

Debtor filed her Chapter 7 petition on May 10, 2005. The deadline to determine dischargeability of a debt under

§§ 523(a)(2), (4), (6) or (15) was August 20, 2005.  Discharge entered on August 23, 2005.

**CONCLUSIONS OF LAW**

As a general proposition of law, leave to amend a pleading should be liberally granted unless a compelling reason, such as prejudice to an opposing party, exists.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Rule 15(c) is applicable in adversary proceedings in bankruptcy court.  Fed. R. Bankr. P. 7015.  Rule 15(c) allows relation back of a claim or defense asserted in an amended pleading if the claim or defense "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c).  The basic inquiry is whether the amended pleading is related to the general fact situation alleged in the original pleading, so that it can be said that the defendant had all the notice that statutes of limitations were intended to provide.  Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1543 (8th Cir. 1996); In re Bellanca Aircraft Corp., 850 F.2d 1275, 1283 (8th Cir. 1988).

Despite its broad language, Rule 15(c) is designed to allow the addition of new claims based on the general fact situation originally alleged only if there is no unfair surprise or prejudice.  In re Bozeman, 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998) (citing Fuller v. Marx, 724 F.2d 717, 720 (8th Cir.1984)).  The rule does not contemplate depriving defendants of the protections of a statute of limitations. Fuller, 724 F.2d at 720.  The Rule 4007 time limit for filing a complaint to determine the dischargeability of a debt is akin to a statute of limitations and is strictly construed. Bozeman, 226 B.R. at 630.

Section 523(d) directs a judgment of costs and attorney fees for a debtor if a creditor's unsuccessful complaint filed under § 523(a)(2) was not substantially justified, unless special circumstances would make the award unjust.  There are five elements which must be satisfied under § 523(d):

> (1) the creditor must bring a dischargeability complaint under section 523(a)(2); (2) the complaint must concern a consumer debt; (3) the debt must be found to be dischargeable; (4) the court must find that the creditor's complaint was not substantially justified; and (5) there must be no special circumstances which would make the award of attorney's fees unjust.

2

In re Friend, 156 B.R. 257, 262 (Bankr. W.D. Mo. 1993).  This court refused to award attorney fees under § 523(d) in In re Petersen, 15 B.R. 598, 603 (Bankr. N.D. Iowa 1981), where the 523(a)(2) complaint was dismissed as untimely.  It found that requiring the plaintiff to pay such a judgment after dismissal of the complaint would be clearly inequitable.  Id.

## ANALYSIS

Because the deadline to file a § 523(a)(2) complaint expired prior to the motion to amend was filed, Plaintiff's newly asserted count of fraud could only be heard if it was capable of relating back under Rule 15(c).  An amendment will relate back if the allegation arises from the same conduct, transaction, or occurrence set forth in the original complaint.  In this case, the only conduct alleged in the original complaint was Debtor's failure to hold Plaintiff harmless and pay the Mastercard debt as ordered in the parties' dissolution judgment.  Plaintiff asserted no facts relating to fraud or false pretenses under § 523(a)(2)(A) in the original complaint.  Thus, Debtor was not on notice that fraud would be a basis Plaintiff would assert to except the debt from discharge.  Pursuant to the foregoing, the Court must conclude that Plaintiff's amended complaint does not relate back to the original complaint.  Therefore, Plaintiff's motion to amend the complaint is denied.

The Court further finds that Debtor is not entitled to a judgment for costs and attorney fees under § 523(d).  The debt to which Plaintiff's § 523(a)(2)(A) claim relates has not been found to be dischargeable.  Rather, the claim under that subsection is untimely although Plaintiff's claim under § 523(a)(15) as to the same debt remains viable.

**WHEREFORE**, Plaintiff's Motion to Amend Complaint is DENIED.

DATED AND ENTERED: January 11, 2006

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE